PHILIP C. JONES, Administrator of BENJAMIN P. SHREVE, deceased, endorsee of W. & J. SOOY, *v.* EDWARD L. WELLS and SAMUEL SAPPINGTON, trading under the name and style of WELLS & SAPPINGTON.

Memorandum pleas noted briefly on the docket, are to be considered and construed, as if they had been drawn out at length in full and regular form and filed in the record of the action, and apply to the parties, the plaintiff and defendants in it, and to no other persons.

The plea of payment so entered, imports a money payment, or what is equivalent to it, in full to the plaintiff in the action, and not to another ; and the same is also the case as to the pleas of accord and satisfaction and set-off so entered.

The presumption of law that a debt, or security of an inferior grade is extinguished by a security of a higher nature, can only apply in the absence of any proof of an intention, or understanding between the parties to the contrary, when the debt, or security of lower grade was due and payable at the time the security of a higher nature was given and taken. But if the two securities do not appear upon their face, or from the evidence, to be for the same amount, or for the same debt, and more particularly, if it appears that the security of lower grade was for a larger sum than the subsequent security of superior grade, and the debt, or security of inferior grade had not matured and was not due and payable when the higher security was given, the law will not imply that the two securities were for the same debt, in the absence of any proof of intention between the parties in regard to the matter.

To constitute a legal set-off under the statute, it must be of mutual debts due to and from the parties to the action and in the same legal right in which the plaintiff sues and the defendant is sued in the action. It must also be of legal demands for which an action at law can be maintained. A trust fund is not a subject of legal set-off. A fund in the hands of assignees under an assignment pursuant to statute, for the benefit of the creditors of the parties making the assignment, or any balance thereof remaining in the hands of the assignees after the payment of all the creditors presenting their claims against the fund, is a trust fund, and as such, is not the subject of a legal set-off to the debt, or demand of another creditor in an action by him against the parties making the assignment.

This was an action of assumpsit on five several promissory notes made by the firm of Wells & Sappington, payable to the order of W. & J. Sooy, and by them endorsed in blank, and which afterward came to the hands of B. P. Shreve, the decedent of the plaintiff, the first dated June 26, 1851, at four months, for $500, the second, July 17, 1851, at four months, for $500, the third, August 11, 1851, at four months, for $500, the fourth, August 28, 1851, at four months, for $500, and the fifth, dated September 18, 1851, at four months, for $583 50. The date of the endorsement which was in blank, was entered on the back of the notes, and was July 28, 1856. The pleas were non assumpsit, payment, set-off, accord and satis-

faction, and the statute of limitations, the latter of which was disposed of in the preceding case, on demurrer. The execution and endorsement of the notes and that the makers of them had no funds at the place where they were made payable, when they matured, and that they were not endorsed until after their maturity, were admitted and the notes were thereupon put in evidence.

The counsel for the defendants then offered in evidence a duly authenticated copy of the record of a judgment at the suit of W. & J. Sooy, v. Wells & Sappington for $3340, real debt $1670, recovered October 11, 1851, in the Court of Common Pleas for Burlington County in the State of New Jersey.

*C. S. Layton*, for the plaintiff, objected because it was not admissible under any of the issues joined. It was not admissible under the plea of payment, because none of the notes were then due. And if the recovery of the judgment was an extinguishment, or payment of the notes, and it was intended to be insisted on as such, it was payment before the day, and should have been so pleaded.

*E. D. Cullen*, for the defendants: The objection goes to the effect and not to the admissibility of the evidence. *The Court* overruled the objection, and the record of the judgment was read in evidence.

The defendants then put in evidence a copy of an execution on the judgment. Also an account stated between W. & J. Sooy and the defendants, and an inventory of the property and effects of the defendants assigned to W. & J. Sooy, filed October 27th, 1851, under the statute of New Jersey, in such case made and provided.

*Robinson*, for the plaintiff: The papers and account under the assignment in New Jersey, offered in evidence by the defendants, were no defence to this action, because they did not disclose the whole record of the proceeding

29 ·

under that assignment. The statute of that State required that the assignor should at the time of the assignment, make an inventory of the property assigned by him, and that the assignment should be recorded by the clerk of the county. But they had here no copy of the assignment itself, or of the inventory by the assignors, or debtors required by the statute, and therefore he objected to the sufficiency of the evidence for the purposes for which it had been offered.

But the defendants had also put in evidence the record of a judgment confessed by them to W. & J. Sooy in that State for the real debt of $1670. But at the date of that judgment, none of these promissory notes on which this action was founded, amounting in the aggregate to over $2500, were due, and therefore no presumption of law could arise that the bond and judgment was for the notes, or any part of them. It was therefore no evidence to sustain the plea of payment, nor could it sustain the plea of accord and satisfaction for the same reason, unless it had been pleaded and proved on the other side, that the smaller sum had been accepted in full satisfaction of the larger demand. 2 *Greenl. Ev. secs.* 28, 519, 526. Nor could the evidence avail the defendants under the plea of set-off; because conceding for the sake of argument, that the fund in the hands of the assignees, W. & J. Sooy, was a subject matter of legitimate set-off as against them, the payees of the promissory notes, before the endorsement of them, still notwithstanding the fact that the endorsement of them to Shreve, was after their maturity, and he therefore took them subject to all the equities existing between the original parties to them at the time of the endorsement, this demand by way of set-off, was not such an equity as would attach to the notes in the hands of the endorsee after maturity. Because only such equities as attach on the notes themselves, and not claims or demands arising out of matters collateral to them, can be available by way of set-off against an endorsee after maturity. *Story on Bills, sec.* 220. *Byles on Bills,* 130. *Bur-*

rough v. Moss, 21 Eng. C. L. R. 128. Holland v. Makepeace, 5 Mass. 418. But he should go further and contend that this would not even constitute a matter of set-off between the original parties themselves to the notes, because the fund was in the hands of the assignees of the defendants under the assignment, in trust for the benefit of all their creditors, and not for the benefit of the defendants themselves simply, and therefore the demands were not mutual and due in the same right. Rev. Code 280, sec. 21. 3 Phil. Ev. 442. Edwards v. Delaplain, 2 Harr. 322. Porter use of Herdman v. Morris' Exr. 2 Harr. 509. Hickman's Admr. v. Hickman, 3 Harr. 511. Smith v. Johnson, 5 Harr. 40. Barb. on set-off, 28, 35, 155, (6 Law Libr.) Fairs Assignees v. McIvor et al. 16 East 129. Wait v. Tinkler, 16 East 36.

C. M. Cullen, for the defendants : The object of the evidence introduced and objected to on the other side, was to prove that the matter in controversy in this action, had already been adjudicated in the State of New Jersey. The record produced showed the fact that the assignees filed their inventory of the property received by them under the assignment and submitted their account to the Surrogate under the statute of that State, exhibiting the fund in their hands and that no claimants, or creditors of the defendants appeared, or presented, or filed any list of claims against it; and they were thence to conclude that the fund was in their hands in point of fact, for the satisfaction of their own demands against the defendants. And if that was the case, and there were other creditors, or claimants against the fund, it was incumbent on the other side to show it. He admitted that so long as it continued in the hands of the assignees, as a trust fund for the benefit and payment of the creditors of the defendants generally, it was not the legitimate subject of a suit at law, and that no action at common law would lie for it, or any part of it. But he contended that when the purposes of the trust had been accomplished, any balance

of the fund remaining in the hands of the assignees to the credit of the defendants, was discharged of the trust for which the fund was created, and was from that time so much money had and received by the assignees to and for the use of the defendants, and as such an action at law would lie for the recovery of it.

As to the principle of extinguishment, he maintained that the execution of the bond, an instrument under seal, to W. & J. Sooy and the confession of judgment thereon upon the 11th of October, 1851, was a satisfaction of these promissory notes by them endorsed to Shreve, and that his administrator therefore could not recover upon them. *Frisby et al. v. Larned et al.*, 21 *Wend.* 450. A security of a higher nature extinguishes all securities of an inferior nature for an existing debt. *Andrews et al. v. Smith*, 9 *Wend.* 53. *Willings v. Consequa*, 1 *Peters C. C. R.* 301. *Bank of Wil. & Brand. v. Simmons*, 1 *Harr.* 331. The extinguishment in such cases depends on the intention of the parties, but if no intention appears, the higher extinguishes the lower security. *Butler et al. v. Miller*, 1 *Denio* 407. A higher security taken from the debtor himself, is *prima facie* an extinguishment of the debt, and the law presumes in the absence of any proof of intention, that it was taken in satisfaction of the debt. *U. States v. Lyman*, 1 *Mas. C. C. R.* 481. *Tow v. Goodrich*, 2 *Johns*, 213. *Jackson v. Shaffer*, 11 *Johns*, 512. *Clement v. Brush*, 3 *Johns*, *Ca.* 180. *Thompson v. Percival*, 27 *Eng. C. L. R.* 241. And if this would have been a good defence against these promissory notes in the hands of W. & J. Sooy, it would be equally as good a defence against them in the hands of Shreve, the endorsee of them after their maturity, because a negotiable note assigned or endorsed after its maturity, was subject in the hands of such endorsee to all the equities incident to it as between the original parties. *Story on Bills*, sec. 220.

*E. D. Cullen*, on the same side, assumed the same positions and maintained that the proceedings under the as-

signment in New Jersey, exhibited the fact that there were no claims filed by any other creditors of the defendants, than the assignees themselves; that the time had long since elapsed and expired, which was appointed and limited by the statute there for presenting and filing such claims, and that the account submitted by them as assignees before the Surrogate of the Orphans' Court there pursuant to the law of that State on the subject, showed, that there was a balance of $600 in their hands, and this sum at least, he insisted was a matter of set-off in the present action. *Chit. on Bills*, 220. *Barb. on Set-off*, 57, 150. *Monta. on Set-off*, 22, 30.

*C. S. Layton*, for the plaintiff: The evidence relied upon on the other side could not avail the defendants under any of the issues joined in the case. It could not avail them under the plea of payment, for the simple reason that the promissory notes now in suit, were not due at the time when the bond was given by the defendants to W. & J. Sooy, and the judgment was confessed upon it. But had it been otherwise, the amount of the judgment was not equivalent to the aggregate amount of the notes, and the general plea of payment imported a full and complete, and not a partial payment. Nor could it for the same reason, be inferred, or presumed from the fact that no evidence had been adduced, or in the absence of any proof of any intention to the contrary, that the bond and judgment were to operate as an implied extinguishment of the debt of the defendants then growing due, though not yet matured, upon the notes; because they had not matured and were not due when the bond was executed and the judgment was confessed upon it. And therefore no such presumption, or implication, either in reason or at law, could possibly arise. Neither could this evidence answer the object and purposes of the defendants in offering it, under the plea of accord and satisfaction, because the plea did not allege, nor was it proved that it was given and received as a full satisfaction for the notes;

and which was more particularly necessary, when the sum alleged to have been given and received in satisfaction, was less than the actual amount of the debt due.

*The Court, Gilpin Ch. J.,* charged the jury: The case had been argued almost exclusively on the questions involved and presented by the pleas in the case, which so far as it was necessary now to advert to them, were payment, set-off and accord and satisfaction. Now, what is meant by these several pleas respectively as they appear by the record? They are general and in the usual form of memorandum pleas entered in brief on the docket, but they are to be regarded and considered for the purposes of this case and at the present stage of it, precisely as if they had been drawn out at length and stated and filed in full and regular form on the record. And so viewed, the first remark which the court had to make with reference to them, was that they were between the parties on the record to this suit, Philip C. Jones, administrator of Benjamin P. Shreve, deceased, who was the endorsee of the promissory notes on which this action is founded, from the firm of W. & J. Sooy, the payees of them, as the plaintiff, and the late firm of Wells & Sappington, who were the makers of them, as the defendants; and the pleadings and issues joined in the case, as well as the action, were between these parties, the plaintiff and the defendants just mentioned, and no other persons.

The first of these pleas as we have stated, is the plea of payment, which means and imports in contemplation of law, as it stands on the record, a money payment, or a full and complete satisfaction and discharge in what was equivalent to it, of the whole of the promissory notes in question, to Benjamin P. Shreve in his life-time, by Wells & Sappington, the defendants. But the record of the judgment confessed in New Jersey by the defendants to W. & J. Sooy, is no evidence of payment under this plea and does not support, or sustain it; first, because it was not a payment to Benjamin P. Shreve, deceased, the en-

dorsee of the notes, in whose right this action is brought and prosecuted by the plaintiff as his administrator; and secondly, because if it had been otherwise and had been confessed to him in his life-time, and not to another, it should then have been specially pleaded, alleged and proved as a payment to him, that is to say, that he accepted the bond and the judgment confessed upon it, in satisfaction and discharge, or in other words, in payment and extinguishment of the sums due to him on the promissory notes as the endorsee thereof. For the bond and judgment were not to him; nor could there be any ground whatever, for this reason, if there were no other, for presuming that they were so accepted by him. But even, if the bond and judgment had been given and confessed to him, at the time when they appear from the record, to have been given and confessed to W. & J. Sooy, the payees of the notes, they would still fail to sustain the plea of payment on the ground of the legal presumption, or implication contended for and relied upon by the counsel of the defendants in the argument, because the notes had not then matured, nor any of them, nor was the debt created by them, or any of them, by that time due and payable, to any one, either the original payees W. & J. Sooy, who then held them, or Shreve who afterward and after their maturity, came into possession of them by endorsement. For this presumption of law, that a debt, or security of an inferior grade is extinguished by a security of a higher nature, can only apply in the absence of any proof of an intention, or understanding between the parties to the contrary, when the debt, or security of lower grade alleged to be extinguished by the security of a higher nature, was due and payable at the time when the security of higher grade was given and taken. And this remark applies as well to the promissory notes whilst they were yet in the hands of W. & J. Sooy, the payees of them, to whom the bond was given and the judgment was confessed by the defendants, but before their maturity and endorsement, as whilst they were in

the hands of Shreve, the deceased, by virtue of the endorsement of them after their maturity.

Much that we have said on the subject of this plea of payment and the issue joined upon it, applies with equal force and propriety to the next plea we shall notice, which is the plea of accord and satisfaction. As we have before remarked with reference to the first plea which we have noticed, this plea of accord and satisfaction, as it stands in its brief and memorandum form upon the record, means and imports, accord and satisfaction of the debt or demand sued for in this action, not to some body else, but to the plaintiff in the action, that is to say, to Benjamin P. Shreve, in whose right it is instituted. But as the object and purpose of the defence in entering it briefly and concisely as it appears on the docket, was doubtless to show and prove under it, as under the plea of payment similarly entered, not that the accord and satisfaction was to the plaintiff, Shreve, the endorsee of the notes, but to the payees and original holders of them, W. & J. Sooy, before their endorsement of them, and whilst they were yet the holders of them, we are content to consider it for the present in that aspect simply; and so viewing it, if the evidence which had been adduced had sustained the plea as they intended and designed it to be viewed and considered, we should be obliged to say to the jury that it was a complete bar to this action. For as the plea when drawn out in full and regular form would allege all that it is usual and material to aver in such a plea when drawn out, it would not only allege the specific character and foundation of the accord and satisfaction, but also that it was received and accepted by the adverse party in discharge and satisfaction of the demand to which it was pleaded. And in this light, as we have before said, we must contemplate and regard the plea. And if these promissory notes had then matured and then been due and payable to the payees and original holders of them, W. & J. Sooy, when the bond was given and judgment was confessed upon it by the defendants to them, we might

have been content to leave it to the jury to presume that the bond and judgment upon it, were for the same debt for which the promissory notes which are an inferior kind of security, had previously been given by the defendants to them.    But in the absence of any proof whatever, as to the intention, or understanding between those parties to the bond and promissory notes as to this matter; and as they do not appear upon their face, or from the evidence to be securities for the same debt due originally from the defendants to the firm of W. & J. Sooy, although of different grades; and more particularly as it clearly appears from the promissory notes themselves, that they had not then matured and were not yet due and payable to those persons, and being also in the aggregate for a much larger sum than the real debt on the bond and judgment, and for that reason not appearing to be for the same debt, the jury cannot presume, for the law does not imply, and cannot presume or imply in such a case, that the two classes of securities were given and accepted for the same debt; and therefore the defendants have also failed to sustain their plea of accord and satisfaction, even in the light and aspect in which they designed it should be viewed and considered by us.

As to the last plea relied upon, and which we shall now notice, the plea of set-off, it is not even pretended by the counsel for the defendants, that the bond and judgment of which we have already so frequently spoken, are any defence under this plea, or constitute any proof in support of it.    It is contended, however, by them, that the fund, or at least, the balance thereof, amounting to $600 in the hands of the assignees of the defendants, who were also W. & J. Sooy, under the proceedings before the Surrogate in New Jersey, is a subject of legal set-off in this action to the debt and demand sued for by the plaintiff.    To constitute a legal set-off under our statute, they must be mutual debts due the parties in the same right in which they sue and are sued in the action.    They must also be legal demands for which an action at law

30

could be maintained. A trust fund is not such. The fund referred to, was in the hands of the trustees under the assignment and the statute of that State, for distribution among the creditors of the defendants, and as such in their hands it was a trust fund, and no action will lie at common law against a mere trustee. But here the same inherent objection arises as in the other two pleas, but even in a more palpable and evident manner; for it is not a plea to the demand of the plaintiff in this action, is not mutual in its character, and is not due at all from the plaintiff to the defendants, but from other parties, if due from any one, and much less is it due from the plaintiff to the defendants in the same legal right in which they are now sued by him. It is therefore no defence to the action, and consequently the sum demanded under it by the defendants, cannot be considered, or allowed by the jury in making up their verdict, which must be for the plaintiff, and for the aggregate amount of the promissory notes in evidence, with interest on each from the day of its maturity.

*Robinson* and *C. S. Layton*, for plaintiff.

*McFee*, and *C. M.* and *E. D. Cullen*, for defendants.